1
2
3
4
5
6                        IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9    Billie Salas,                    )    No. CV 10-631-TUC-DCB (HCE)
                                       )
10                  Plaintiff,         )    **REPORT AND RECOMMENDATION**
                                       )
11   vs.                               )
                                       )
12                                     )
     Clark Dyer; et. al.,              )
13                                     )
                    Defendants.        )
14                                     )
                                       )
15   _____ )

16

17          On February 14, 2011, this matter came on for hearing for Plaintiff to show cause why

18   this matter should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil

19   Procedure for failure to serve Defendant Veteran's Administration and Defendant United

20   States of America (hereinafter "the Federal Defendants").  For the following reasons, the

21   Magistrate Judge recommends that the District Court dismiss this action without prejudice.

22   **I.      FACTUAL & PROCEDURAL BACKGROUND**

23          Plaintiff filed this *pro se* action in Pima County Superior Court on September 23, 2010

24   against: Clark Dyer, an individual; Phyllis Russell, an individual; Esperanza En Escalante

25   (hereinafter "EEE"), an alleged non-profit entity; and the Federal Defendants. Plaintiff's

26   allegations include violations of due process, equal protection, state and federal employment

27   laws, negligent and intentional infliction of emotional distress, assault, and assault on an

28   unborn child. On October 22, 2010, Defendants Dyer, Russell and EEE, who are represented

1  by the same counsel, acknowledged that they had been served and removed the action to
2  federal court. (Doc. 1).

3        Defendants Dyer, Russell and EEE timely answered. (Doc. 5). On January 5, 2011,
4  counsel for the Federal Defendants filed a Notice of Appearance (Doc. 12) and stated therein
5  that the time for the Federal Defendants to respond to the Complaint had not commenced
6  because the United States Attorney for the District of Arizona had not been served with the
7  summons and complaint. (*Id.* (*citing* Fed.R.Civ.P. 4(i) and 12(a)(2)).

8        On January 21, 2011, Plaintiff and Defendants Dyer, Russell and EEE filed a
9  stipulation for dismissal of the action as to these three defendants. (Doc. 13). On January 25,
10  2011, the District Court entered an order accepting the stipulation and dismissing the action
11  as to Defendants Dyer, Russell, and EEE. (Doc. 15).

12        Because more than 120 days had passed since the Complaint was filed and the record
13  did not reflect that the Federal Defendants had been served, the undersigned Magistrate
14  Judge set this matter for hearing on February 14, 2011 for Plaintiff to show cause why the
15  matter should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil
16  Procedure. (Doc. 14). Plaintiff was advised that her failure to appear at the show cause
17  hearing would result in dismissal of this action without further notice. (*Id.*). Plaintiff did not
18  appear at the February 14, 2011 hearing.

19  **II.    DISCUSSION**

20        The record reflects no proof of service for the Federal Defendants. *See*
21  Fed.R.Civ.P.4(l) (proof of service must be filed with the court unless service is waived).[1]
22  Rule 4(m) of the Federal Rules of Civil Procedure governs the time limit for service of
23  process on a defendant and provides in pertinent part that:

24      [i]f a defendant is not served within 120 days after the complaint is filed, the
   court–on motion or on its own after notice to the plaintiff–must dismiss the
25  action without prejudice against that defendant or order that service be made

26

27       [1]Arizona Rules of Civil Procedure have a similar poof of service requirement. *See*
Ariz.R.Civ.P. 4(g). *See also* Ariz.R.Civ.P. 4.2(c).
28

within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The District Court for the District of Arizona has noted that:

The federal rules regarding service of process apply to civil actions removed to the district courts *after removal*, but if process was properly issued and timely served under state law before removal, the service remains sufficient after removal. *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1282 (9th Cir.1980).

*Liska v. United States,* 2010 WL 1038652, *4 (D.Ariz. Mar. 19, 2010) (emphasis added); *see also* 28 U.S.C. 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."); *Beecher v. Wallace,* 381 F.2d 372 (9th Cir. 1967).  Moreover,

[u]nder Arizona law, service on a governmental entity other than the State, county, municipal corporation, or subdivision of the State, "shall be effected by serving the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity" or by serving "any person who is a member of the 'group' or 'body' responsible for the administration of the entity." Ariz. R. Civ. P. 4.1(j).[2]

*Liska,* 2010 WL 1038652 at *4.  Further,

[w]hen the whereabouts of a party outside the state is known, *service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt.* Service by mail pursuant to this subpart and the return thereof may be made by the party procuring service or by that party's attorney. Upon return through the post office of the signed receipt, the serving party shall file an affidavit with the court stating (1) that the party being served is known to be located outside the state, (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender. This affidavit shall be prima facie evidence of personal service of the summons and the pleading and service shall be deemed complete and time shall begin to run for the purposes of Rule 4.2(m) of these Rules from the date

_____

[2]Ariz.R.Civ.P. 4.1(j) applies to service of process within Arizona.

- 3 -

of receipt by the party being served, provided that no default may be had on such service until such an affidavit has been filed.

Ariz.R.Civ.P. 4.2(c) (emphasis added).  Although Plaintiff's Certificate of Service attached to the Complaint indicated that she served the Complaint by "postage, prepaid", there is no indication that she used a form of mail that "requir[ed] a signed and returned receipt" as directed by Arizona law.

The Federal Rules of Civil Procedure require a party serving process on the United States to (1) deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought or send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's office; *and* (2) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed.R.Civ.P. 4(i)(1)(A),(B).  To serve a federal agency or corporation, original process must be served upon the agency by (1) serving the United States pursuant to Fed.R.Civ.P. 4(i)(1)(A),(B); *and* (2) sending a copy of the summons and complaint by registered or certified mail to the federal agency or corporation named as a defendant. Fed.R.Civ.P. 4(i)(2).   The record does not reflect that Plaintiff has accomplished service pursuant to the Federal Rules of Civil Procedure.  *See* Fed.R.Civ. 4(l); (Notice of Appearance) (Doc. 12).

In sum, the record reflects that Plaintiff has not accomplished service on the Federal Defendants within 120 days after the Complaint was filed.  Thus, the question turns to whether the Court should extend the time limit for service set in Rule 4(m).  "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint...First, upon a showing of good cause for the defective service, the court must extend the time period.  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  *In re Sheehan,* 253 F.3d 507, 512 (9th Cir.  2001); *see also Lemoge v. United States,* 587 F.3d 1188, 1198 (9th Cir. 2009) (Rule 4(m) provides two avenues of relief: the first is mandatory and the second is discretionary).

- 4 -

1       Whether good cause exists for delay in service is determined on a case by case basis.

2   *In re Sheehan,* 253 F.3d at 512 (citation omitted).  The Ninth Circuit has "recognized that

3   '[a]t a minimum, 'good cause' means excusable neglect.'" *Id.* (*quoting Boudette v. Barnette*,

4   923 F.2d 754, 756 (9th Cir.1991)).  The Ninth Circuit has

5           stated that a plaintiff may be required to show the following factors in order
            to bring the excuse to the level of good cause: "(a) the party to be served
6           received actual notice of the lawsuit; (b) the defendant would suffer no
            prejudice; and © plaintiff would be severely prejudiced if his complaint were
7           dismissed."

8   *Id.* (quoting *Boudette,* 923 F.2d at 756).  Plaintiff herein has articulated no reason whatsoever

9   to justify extension of the Rule 4(m) deadline.  Consequently, Plaintiff has not demonstrated

10  good cause for such extension.

11      The second test under Rule 4(m) is triggered when the plaintiff fails to show good

12  cause.  In that case, the court may exercise discretion to extend the time for service.

13  Although district court's have "broad discretion to extend time for service under Rule

14  4(m)...no court has ruled that the discretion is limitless."  *Efaw v. Williams,* 473 F.3d 1038,

15  1041 (9th Cir. 2008)(citations omitted).  The Ninth Circuit has declined "to articulate a

16  specific test that a court must apply in exercising its discretion under Rule 4(m). We note

17  only that, under the terms of the rule, the court's discretion is broad."  *In re Sheehan,* 253

18  F.3d at 513.  However, the Ninth Circuit has identified the following factors which a district

19  court "may consider..." when determining whether to  exercise its discretion to extend the

20  Rule 4(m) deadline: "'a statute of limitations bar, prejudice to the defendant, actual notice

21  of a lawsuit, and eventual service.'" *Efaw,* 473 F.3d at 1041 (*quoting Troxell v. Fedders of*

22  *N.Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998))

23      The Federal Defendants have actual notice of this action. Moreover, review of the

24  record suggests that the statute of limitations will bar refiling of this matter as to many, if not

25  all, of Plaintiff's claims.  Nor have Defendants articulated any prejudice resulting from an

26  extension.  These factors weigh in favor of the exercise of discretion to grant an extension.

27  *See Mann v. American Airlines,* 324 F.3d 1088, 1091 (9th Cir. 2003) (discretionary extension

28  may be warranted if statute of limitations would bar re-filing of complaint).  However,

cutting against an extension in this case is the question of whether service will eventually be
accomplished in light of Plaintiff's failure to appear at the show cause hearing.  Plaintiff was
advised that her failure to appear at the show cause hearing would result in dismissal of the
lawsuit without further notice. Instead, Plaintiff has made no attempt to address the issue of
service on the Federal Defendants. On this record, given Plaintiff's complete failure to offer
any explanation whatsoever for her failure  to accomplish service on the Federal Defendants,
the Court should decline to grant an extension under Rule 4(m). *See Efaw,* 473 F.3d. at 1041
(abuse of discretion to grant extension where, *inter alia,* the plaintiff failed to provide a
reasonable explanation to support extension); *Troxell,* 160 F.3d at 383 ("[i]f...the district
court properly sets out the relevant law and makes no factual findings that are clearly
erroneous, an abuse of discretion exists only if its decision was arbitrary or unreasonable.").
Instead, the Court should dismiss this action without prejudice pursuant to Rule 4(m). *Id.*

Alternatively, the Court may dismiss this action pursuant to Rule 41(b) of the Federal
Rules of Civil Procedure. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to
comply with these rules or court order, a defendant may move to dismiss the action or any
claim against it." Fed. R.Civ.P. 41(b).  The U.S. Supreme Court has recognized that a federal
district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute,
even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to
require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).
Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to
prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of her case,
the Court must weigh the following five factors: "'(1) the public's interest in expeditious
resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988),
856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).
"The first two of these factors favor the imposition of sanctions in most cases, while the

1   fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice and

2   availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

3          The January 2011 stipulation signed by Plaintiff seeking dismissal of Defendants

4   Dyer, Russell and EEE supports the conclusion that Plaintiff actively pursued her case

5   against those defendants and reached resolution.  However, the record also reflects that

6   Plaintiff has not actively pursued her case with regard to the Federal Defendants.  Plaintiff

7   has not pursued an extension of time to effect service on the Federal Defendants. Plaintiff has

8   not filed any document in this Court to preserve her action against the Federal Defendants.

9   Moreover, despite the Court's warning that Plaintiff's failure to appear at the show cause

10  hearing would subject this action to dismissal without further notice, Plaintiff failed to appear

11  at that hearing.  Consequently, the first, second, and third factors favor dismissal of this case

12  with regard to the Federal Defendants.  Plaintiff's failure to appear at the show cause hearing

13  or to otherwise actively participate in this case against the Federal Defendants prevents the

14  case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against

15  dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative

16  is available. Without Plaintiff's participation, however, certain alternatives are bound to be

17  futile.

18         Only one less drastic sanction is realistically available.  Rule 41(b) provides that a

19  dismissal for failure to prosecute operates as an adjudication upon the merits unless the

20  court's dismissal order states otherwise.  Fed.R.Civ.P. 41(b).  However, even this sanction

21  is not without constraint given that the statute of limitations may well bar re-filing of the

22  majority, if not all, of Plaintiffs' claims.  Nonetheless, dismissal of this case should be

23  without prejudice.

24  **III.    CONCLUSION**

25         Despite the fact that Plaintiff appears *pro se,* she must still follow the same rules of

26  procedure that govern other litigants.  *See Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995) ("pro

27  se litigants are bound by the rules of procedure"); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.

28  1987)(same).  The instant record supports the conclusion that Plaintiff has failed to comply

1  with Rule 4 and/or has failed to prosecute this action against the Federal Defendants.

2  Plaintiff is entitled to file objections to this Report and Recommendation to state her reasons

3  why her claims against the Federal Defendants should not be dismissed under either Rule

4  4(m) and/or Rule 41(b). *See* 28 U.S.C. §636(b); Fed.R.Civ.P. 72.2(b). At this point, however,

5  Plaintiff's failure to offer reasons to support an extension under Rule 4(m) and her failure to

6  appear at the show cause hearing or to otherwise proceed against the Federal Defendants

7  support dismissal of this action without prejudice.

8  **IV.   RECOMMENDATION**

9         For the foregoing reasons, the Magistrate Judge recommends that the District Court

10  dismiss this action without prejudice.

11         Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil

12  Procedure, any party may serve and file written objections within fourteen (14) days after

13  being served with a copy of this Report and Recommendation. *See also* LRCiv 7.2(e)

14  (setting forth page limit for objections). A party may respond to another party's objections

15  within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). If objections

16  are filed, the parties should use the following case number: **CV 10-631-TUC-DCB.**

17         Failure to file timely objections to any factual or legal determination of the Magistrate

18  Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See*

19  *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S.

20  900 (2003).

21         DATED this 9th day of March, 2011.

22

23  _____
                        Héctor C. Estrada
24                  United States Magistrate Judge

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28